## SUCCESSION OF SARTHOU

### On Rule against Adjudicatee, Appellant

---

(Feb. 28, 1927. Opinion and Decree.)
(Mar. 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Succession—Par. 38.**

It is not necessary that the succession of a deceased person should be opened and his legal heirs recognized by judgment of court. Their heirship may be proved by any other method.

2. **Louisiana Digest—Succession—Par. 38. 45.**

They inherit by mere operation of law.

3. **Louisiana Digest—Prescription—Par. 20.**

A title translative of property from a person whom the purchaser honestly believes to be the real owner, accompanied by a possession of ten years, secures a perfect title as against all persons against whom prescription runs.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Succession of Rebe Piat Sarthou en rule against adjudicatee, appellant.

There was judgment for plaintiff and defendant en rule appealed.

Judgment affirmed.

Chas. J. McCabe, of New Orleans, attorney for plaintiff, appellee.

Emile Pomes, of New Orleans, attorney for defendant, appellee.

F. A. Abrams, of New Orleans, attorney for defendant en rule, appellant.

CLAIBORNE, J.   This is an appeal from a judgment compelling an adjudicatee to comply with an adjudication made to him.

The facts are as follows:

The Succession of Rene Piat Sarthou was opened in the Civil District Court for Orleans Parish and his widow and five children were put in possession of the property left by him, consisting of movable and immovable property situated in the City of New Orleans and in the Parish of St. Bernard.   Two of the children filed suit against their mother and their co-heirs for a partition.   Judgment was rendered ordering a partition by sale of all the immovables.   At the sale Emanuel Estopinal became adjudicatee of the following property:

"Two lots of ground situated in the Parish of St. Bernard in the square No. 103, bounded by Royal, Chartres, Angela and Mehle streets, designated as lots B and C, on a plan of W. J. Seghers, measuring each 30'11"2' " front by 120'."

The said Estopinal refused to comply with the adjudication to him, and a rule taken against him, he gave reasons:

1st.   That Pierre Piat Sarthou purchased by act of W. F. Roy, notary of the Parish of St. Bernard, on May 11, 1905, from Anna Pourcet, wife of Louis Dours and from Josephine Pourcet, wife of Charles Metzger, representing themselves as heirs of their mother, Mrs. Lucien Pourcet, and from Francois and Louis Larre as heirs of their mother, Marie Pourcet, wife of Dominique Larre, and of their grand-mother Mrs. Lucien Pourcet; that neither the succession of Mrs. Lucien Pourcet nor of Mrs. Marie Pourcet Larre had been opened, nor had their heirs above mentioned been recognized by judgment of court;

2nd.   That one of the heirs of Mrs. Lucien Pourcet, namely, Miss Louise Pourcet never sold her interest in the above named property, as she had disappeared prior to the acquisition of said property by Pierre Piat.

The plaintiff pleaded the prescription of ten years.

There was judgment for plaintiff and the defendant, Emanuel Estopinal, has appealed.

1st.   The practice has grown up in the Parish of Orleans to open the succession of deceased persons, to establish therein by sufficient ex parte affidavits the number and names of their heirs, and to obtain a judgment recognizing the heirs and putting them in possession of the property left by the deceased and to record the judgment.   These proceedings carry with them prima facie proof of their correctness.   It serves the heirs and the assessors and tax collectors, but it was not always so.   They are not essential to the transmission of the property of the deceased to his heirs.   The succession is opened in favor of the legitimate heirs by the mere operation of the law.   C. C. 886 (882) 940-941, 942-6 La. Dig. 886—1891.

It is otherwise as to natural children and irregular heirs, who are permitted to take possession of the succession which has fallen to them only by the order of the judge of the parish in which the succession is opened.   C. C. 825 (919) 949.   Proof of heirship may be established by any other method than by the judgment recognizing heirs.   It may be established by affidavit by the heirs themselves or of witnesses or by their declarations or otherwise.   The only object being to procure and preserve proof of heirship.

But in the present case, on the trial of the rule, Louis Dours, examined as a wit-

ness, testified that he was the son-in-law of Mrs. Lucien Pourcet; that she left four children, girls, namely, first, Anna Pourcet, his wife; second, Josephine Pourcet, wife of Charles Metzger; third, Marie Pourcet, wife of Dominique Larre; and fourth, Louise; Marie Pourcet Larre, died, leaving two children, Francis and Louis.

There are the four vendors of Pierre Piat, excluding Louise.

We think their heirship has been sufficiently established.

2nd. This same witness, Louis Dours, testified that Louise Pourcet disappeared before his marriage twenty-eight years ago, that is, more than thirty years from the present time. He also testified that Pierre Piat took possession of the property at the time he bought it in 1905 and that he had been in possession of it ever since.

Pierre Piat's title and possession for more than ten years conferred upon him and upon his heirs a complete title. C. C. 3478-3498; 6 La. Dig., p. 116; Ours vs. Gray, 112 La. 214, 36 So. 326; Brewster vs. Hewes, 113 La. 45, 36 So. 883; Smith vs. Granger, 13 Orl. App. 213.

We are therefore of the opinion that the title tendered is good and that the defendant should comply with the adjudication to him.